United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 7, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-50060
Summary Calendar

_____

ISABEL HERNANDEZ, For Herself and on
behalf of Hector Hernandez' Estate,

Plaintiff-Appellant,

versus

EL PASO ENERGY CORPORATION, (NOW
KNOWN AS EL PASO CORPORATION);
EL PASO NATURAL GAS COMPANY
EMPLOYEE SEVERANCE PROTECTION PLAN,

Defendants-Appellees.

_____

Appeal from the United States District Court for
the Western District of Texas
(USDC No. EP-01-CV-441-DB)

_____

Before REAVLEY, JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appellant Hernandez sued for severance benefits allegedly due her deceased husband. The relevant facts are not in dispute. We agree with the district court that the plan administrator made a legally correct interpretation of the plan document in denying severance benefits where the beneficiary died, before his employment otherwise terminated as a result of a scheduled reduction in force that followed a change in control. The language of sections 4.1 and 5.2 of the plan provide that severance benefits are not available in such circumstances. We agree with the district court's analysis of the relevant plan provisions.

The parties on appeal and the district court do not clearly indicate whether they think de novo or abuse of discretion review is applicable to judicial review of the plan administrator's decision. The de novo standard applies "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). The parties point to no language giving the administrator discretionary authority, and appellees conceded below that the de novo standard is applicable. Even under the less deferential de novo standard, we should affirm the administrator's decision if, as here, there are no material issues of fact in dispute and the administrator's interpretation of the plan was legally correct. See Dial v. NFL Player Supplemental Disability Plan, 174 F.3d 606, 613 (5th Cir. 1999).

AFFIRMED.